Nov. Term, 1847.

THE STATE v. SMITH.

---

## THE STATE *v.* SMITH.

8b 489
†153 230
—————
8b 489
154 311

A crime punishable in this state by confinement in the penitentiary is considered a felony.

If it appear that the several counts in an indictment charge distinct felonies, and not one and the same felony in different modes, the indictment should be quashed.

*Quære*, whether the joinder of counts for distinct felonies in 'an indictment is a good cause for quashing part of the indictment.

An indictment charged that the defendant falsely pretended to one *A.* that *B., C.*, and *D.* were indebted to him, the defendant, in a certain sum, and that they were bound to pay a certain bill of exchange, then in the defendant's possession and over due, drawn by the defendant on said *B., C.*, and *D.*, payable to their order ninety days after date, and accepted by them, and which they indorsed to the defendant who indorsed it to said *A.; that,* by said false pretences, the defendant obtained from said *A.* certain goods with intent to cheat, &c.; whereas, in fact, the said *B.* and *C.* were not then indebted to the defendant, nor were said *B., C.*, and *D.* bound to pay said bill. *Held,* that the first pretence was not sufficiently negatived, and, as to the second, that there should have been an averment that the defendant knew that *B., C.*, and *D.* were not bound to pay the bill.

*Quære,* what must be the character of the false pretence by which money or goods have been obtained to render the offence indictable.

An indictment for obtaining goods by false pretences must state to whom the goods belonged.

ERROR to the *Tippecanoe* Circuit Court.

PERKINS, J.—This was an indictment for obtaining goods by false pretences.. It contained four counts, three of which were quashed on the defendant's motion, and to the fourth a *nolle prosequi* was entered. The error alleged is the sustaining the motion to quash the three counts.

The first position taken by the defendant's counsel in vindi-

Wednesday, November 24.

cation of the decision on that motion is, that the four counts in the indictment charged four distinct felonies, and therefore rendered it subject to be quashed at discretion.

In *Weinzorpflin* v. *The State*, 7 Blackf. 186, a felony under the laws of this state is defined to be a crime punishable by confinement in the penitentiary. According to this definition, each count in the indictment under consideration charged a felony, and the indictment, therefore, might have been objectionable for the reason assigned. If it appeared that the four counts charged separate and distinct felonies, and not one and the same felony in different modes, the Court below would have acted rightly in quashing the whole indictment; 7 Blackf. *supra*, and *M'Gregg* v. *The State*, 4 *id.* 101; but the counsel have not shown us the applicability of this doctrine to the present case, inasmuch as here the whole indictment was not quashed, but only a part of it: they have not shown us that a joinder of distinct felonies is a good ground for quashing a part of an indictment, and we shall leave that question where the counsel have left it, and proceed to examine the counts of the indictment which were quashed.

The first count charges that *Horace B. Smith*, &c., on, &c., at, &c., did unlawfully, &c., and falsely pretend to one *Aaron Middlebrook*, that *Thomas Richmond, Dean Richmond, Gurdon Williams, Giles Williams, James A. Cowing, Henry M. Kinne*, and *George Davis*, were indebted to him, the said *Horace*, in the sum of 3,000 dollars, and that they were liable on and bound to pay three several bills of exchange of 1,000 dollars each, then in the possession of said *Horace* and over due, drawn by him on the persons above named and by them accepted, by the name and description of *Cowing, Richmond, Williams*, & Co., payable ninety days after date to the order of the same persons by the name and style of *Thomas Richmond* & Co., and by them, by that name, indorsed to said *Horace*, and by him then and there indorsed to said *Middlebrook ;* by which said false pretences the said *Horace* did then and there, to wit, on, &c., unlawfully., &c., obtain from the said *Middlebrook* a large quantity of goods, wares, and merchandise, to wit, &c., with intent then and there to cheat, &c.; whereas, in truth and in fact, the said *Thomas Richmond, Dean Richmond, Gurdon Williams, Giles Wil-*

*liams*, *James A. Cowing*, and *Henry M. Kinne*, were not then and there indebted to said *Horace* in any sum of money, nor had they been; and whereas, in truth and in fact, the said *Thomas Richmond*, *Dean Richmond*, *Gurdon Williams*, *Giles Williams*, *James A. Cowing*, *Henry M. Kinne*, and *George Davis*, were not bound to pay said three several bills of exchange, nor either of them, to the great damage, &c.

This count, it will be perceived, alleges two false pretences, viz., that certain persons were indebted to the amount of 3,000 dollars to the said *Horace B. Smith*, and that they were liable and bound to pay the three bills of exchange described in the indictment. The first of these pretences is not sufficiently negatived. By recurring to the lists of names set out in the indictment, it will be discovered that the pretence was that *Thomas Richmond* and six other persons owed the 3,000 dollars, and that in negativing this pretence, it is alleged that *Thomas Richmond* and five other persons did not owe the 3,000 dollars. This does not show that the pretence was false. The same objection does not exist as to the second pretence. That was that seven persons were bound to pay the three bills of exchange, and the negative averred is, that those seven persons were not bound to pay said bills of exchange; but here another objection arises which renders the averment upon this pretence insufficient. It appears to us that it should have contained the allegation that *Smith* knew, at the time he made the pretence, that those men were not bound to pay the bills, and especially so, as they were over due when assigned by *Smith;* for that fact rendered them subject to some of the defences in the hands of the assignee to which they would have been in the hands of *Smith*, and there might, therefore, have been such a ground of defence as against *Smith* of which he was ignorant at the time he made the representation. That ignorance might take from the representation its fraudulent intent. *Reg.* v. *Philpotts*, 1 Carr. & Kirw. 112.—Whart. C. L. 465.

The second count in the indictment is bad for reasons assigned against the first.

The third count charges that *Smith* obtained from *Middlebrook* a large quantity of goods, &c., by the pretence that he, *Smith*, was a man of large property, to wit, of the value of

THE STATE
v.
SMITH.

20,000 dollars, with intent to cheat, &c.; whereas, in truth and in fact, he was insolvent, &c. There is no averment that the goods obtained were the property of *Middlebrook*. This count would be bad at common law, even as aided by the statute of 33 Hen. 8, as not charging an indictable offence. To sustain an indictment under the *English* law, as it stood after the passage of that statute, for cheating by false pretences, the cheat must be one affecting the public, or accomplished by the exhibition of false tokens, or through a conspiracy. 2 Russ. on Cr. 284.—Whart. C. L. 444.— *The State* v. *Rowley*, 12 Conn. 101.—3 Chitt. C. L. 994. But by the statutes of 30 Geo. 2, and 7 and 8 Geo. 4, in *England*, and by the 24th sect. of the 53d chap. of the R. S. of 1843, in this state, it is made indictable for one person to obtain of another person, by false pretences, money or goods with intent to defraud; and the question has been made under the provisions of these statutes, and is not yet settled, as to what must be the character of the pretences constituting the offence. The language of the statutes is unqualified and may embrace every pretence however frivolous. See *Young* v. *The King*, 3 T. R. 98.—*The People* v. *Haynes*, 14 Wend. 546.—*Reg.* v. *Henderson*, 1 Carr. & Marsh. 328.—*Reg.* v. *Bloomfield, Id.* 537.—*The People* v. *Kendall*, 25 Wend. 399.— 2 East P. C. 816.—*Reg.* v. *Wickham*, 10 Adol. & Ell. 34. —4 Hill, 9.—Whart. C. L. 451. It is not necessary to express an opinion upon the point in this case, as the count of the indictment now under consideration is clearly bad in not alleging the ownership of the goods obtained. 3 Chitt. C. L. 999.—Whart. C. L. 465.—*Reg.* v. *Parker*, 3 Ad. & Ell. N. S. 292.—*Reg.* v. *Norton*, 8 C. & P. 196.—*The State* v. *Lathrop*, 15 Vt. 279.

*Per Curiam.*—The judgment is affirmed.

*A. A. Hammond*, for the state.

*D. Mace* and *A. M. Crane*, for the defendant.