## THE STATE *v.* ORVIS.

In an indictment for obtaining goods by false pretenses, it must appear that the goods were obtained by means of the false pretenses.

APPEAL from the *Tippecanoe* Circuit Court.

Worden, J.—Indictment against the appellee, charging that on, &c., at, &c., he "then and there designing and intending to cheat and defraud one *John F. Smith* of his

goods, moneys, chattels, and property, did, then and there, unlawfully, feloniously, falsely, and designedly, pretend that he had the sole right to sell to said *Smith* and others, agencies to authorize said *Smith* to buy and sell *Bachedie's* bit counter-sink, and *Arnold's Phœnix* sash-lock, and that no one could sell said bit counter-sink and sash-lock, unless he was an authorized agent, and that agents for said bit counter-sink and sash-lock, could make large sums of money by having the agency, and, also, that he would immediately procure samples and authority to sell said articles from *Orvis, Brothers.* Whereas, in truth and in fact, said *Charles B. Orvis* had no authority to sell any such agency, and whereas, in truth and in fact, said *Smith* could not make money by said agency, and whereas, in truth and in fact, every person had the right, and could sell said bit counter-sink and sash-lock, without an agency for the same, and whereas, said *Charles B. Orvis* did not procure samples and authority to sell said bit counter-sink, and said sash-lock, from *Orvis, Brothers,* all of which pretenses the said *Charles B. Orvis* then and there knew to be false, by color and means of which said false pretense and pretenses, he the said *Charles B. Orvis,* then and there, on, &c., did unlawfully, feloniously, designedly, and falsely obtain from said *John F. Smith,* 40 dollars, then and there being the property of said *John F. Smith,* contrary," &c.

The indictment, on motion of the defendant, was quashed, and the state, by the prosecuting attorney, excepted, and appeals to this Court.

The indictment was bad, and there was no error committed in quashing it. Without adverting to objections that might probably be made, with success, in reference to the character of most of the pretenses themselves, we will notice another point in which the indictment was fatally defective, and that is, that there is no connection shown, whatever, between the pretenses alleged, and the obtaining of the money. To be sure, it is alleged that the money was obtained by means of the false pretenses, but that, in such a case, is not sufficient. This principle is decided in *Johnson* v. *The State,* 11 Ind. R. 481. There

it was alleged that the defendant presented to one *Nichol-son*, certain checks calling for 17 dollars, and represented to him that they were good, and of nearly par value, whereas, &c., by means of which pretense, he obtained from *Nicholson* a set of harness.    The indictment was held bad because it did not allege that the checks were delivered to *Nicholson*, or were received by him in payment for the harness.    So here, it does not appear that there was any contract or agreement between the defendant and *Smith*, for the purchase, by *Smith*, of an agency to sell the articles mentioned, nor does it appear that *Smith* parted with his money for the purchase of an agency to sell, or any other interest in the articles named.

*Per Curiam.*—The judgment is affirmed.

*J. L. Miller*, for the appellant.

*J. M. LaRue* and *D. Royse*, for the appellee.