LEOBOLD v. THE STATE.

OBTAINING MONEY BY FALSE PRETENSE.—*Character of Pretense.*—*Query*, whether a representation made by one that he is the owner of an extensive hat, cap, and fur-establishment of the value of five thousand dollars, in a certain city in another state, is such a pretense as would induce a person of ordinary caution to loan the person making such representation the sum of ten dollars.

SAME.—*Indictment.*—An indictment for obtaining money by false pretenses must allege to whom the money belonged.

APPEAL from the Wayne Criminal Circuit Court.

WORDEN, J.—This was an indictment against the appellant for obtaining money by means of false pretenses. Motion to quash overruled, and exception. Trial, conviction, and judgment over respective motions for a new trial, and in arrest.

The indictment, after the usual preliminary matter,

charges, "that Joseph Leobold, late of said county, at said county, on," &c., "did then and there unlawfully, feloniously, designedly, and with intent to defraud Franklin Newby, falsely pretend and represent to said Franklin Newby that he, the said Joseph Leobold, was then and at that time the owner of an extensive hat, cap, and fur establishment in the city of Dayton, in the State of Ohio, of great value, to wit, of the value of five thousand dollars, by means of which false pretenses and representations the said Joseph Leobold did then and there feloniously obtain from the said Franklin Newby the loan of ten dollars in money, with intent then and there feloniously to cheat and defraud him, the said Franklin Newby. Whereas, in truth and in fact, the said Joseph Leobold was not then and there the owner of a hat, cap, and fur establishment in said city of Dayton, contrary," &c.

In the case of *The State* v. *Magee,* 11 Ind. 154, it was held, that the pretenses must be of some existing fact, made for the purpose of inducing the prosecutor to 'part with his property, and to which a person of ordinary caution would give credit. In the case before us the pretense was, to be sure, of an existing fact, and may have been made for the purpose of inducing Newby to part with his money under the belief that the defendant was pecuniarily responsible; but some of the members of the court are inclined to the opinion that it was not such a pretense as to obtain credence from a person of ordinary caution, to the extent of inducing him to part with money or property. This point, however, need not be determined, as there is another objection to the indictment which is fatal. No ownership of the money obtained is alleged in the indictment. This is essential, as has been heretofore determined by this court. *The State* v. *Smith,* 8 Blackf. 489. That it was money obtained in this case, instead of other property, can make no difference, that we can perceive, in respect to the necessity of an allegation of ownership. The case of *Regina* v. *Norton,* 8 C. & P. 196, cited in *The State* v. *Smith, supra,* was a

case of the obtaining of money, in which it was held that an allegation of ownership was essential. The indictment was bad, and the motion to quash should have prevailed.

The judgment below is reversed, and the cause remanded, with instructions to the court below to quash the indictment; and the clerk of this court is directed to make the proper order for the return of the prisoner.

*W. A. Peelle* and *H. C. Fox*, for appellant.

*B. W. Hanna*, Attorney General, for the State.