### HALLEY v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Obtaining Money by False Pretenses.*—An indictment for obtaining money by false pretenses, under section 27, 2 G. & H. 445, must allege whose money was obtained.

From the Floyd Criminal Circuit Court.

*J. H. Stotsenburg*, for appellant.

*J. C. Denny*, Attorney General, for the State.

PETTIT, J.—This is the indictment in this case: ·

"The grand jurors for the county of Floyd, in the State of Indiana, upon their oath present that Harry Halley and Charles Dewane, on the 27th day of June, 1872, at said county of Floyd, feloniously, designedly, and with intent to defraud one Martha Saul, did falsely pretend to the said Martha Saul that they, the said Harry Halley and Charles Dewane, were then agents of the government of the United States, for the purpose of selling goods and merchandise

which had fallen into the possession of the United States during the late war; and that the said Harry Halley and Charles Dewane then and there produced and exhibited to the said Martha Saul written powers of attorney, purporting to authorize them to act as such agents, and containing rules for the disposition and sale of said goods; that under said rules by them presented as aforesaid, at the time and place aforesaid, each order for such goods costs two dollars, one dollar of which to be paid at the time of the sale of the order, and the other dollar to be paid at the expiration of ten days from the sale of the order, at which time they then and there pretended they were required to deliver the goods named in the order sold; and that they, the said Harry Halley and Charles Dewane, then had a large stock of goods of great value to dispose of in the manner aforesaid; by means of which said false pretences, the said Harry Halley and Charles Dewane, did then and there induce the said Martha Saul to purchase five of said orders for goods, and did then and there feloniously obtain from the said Martha Saul the sum of five dollars, with intent then and there to cheat and defraud her, the said Martha Saul; whereas, in truth and in fact, the said Harry Halley and Charles Dewane were not then and there agents of the government of the United States for the purpose of selling goods and merchandise; that said powers of attorney and rules were not genuine, but fictitious, and they, the said Harry Halley and Charles Dewane, had not then a large stock of goods of great value, or any goods to dispose of in manner aforesaid; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

There was a motion made to quash the indictment, but it was overruled and exception taken, and this is assigned for error. A plea of not guilty was put in, and after hearing the evidence of the State, Dewane was discharged by the court, there being no evidence against him, under sec. 106, 2 G. & H. 416. The trial against Halley resulted in his conviction and sentence to the penitentiary for five years. Is

this indictment good for obtaining money by false pretences? We hold that it is not.

The indictment was found under sec. 27, 2 G. & H. 445, and it may be bad for many reasons, but we need not notice but one defect, as that is fatal as to its sufficiency. It does not charge or allege that the money obtained from Margaret Saul was her money or property. In two cases in this court directly in point, it has been held that this allegation is absolutely essential to the validity of the indictment, and we adhere to these rulings. *The State* v. *Smith*, 8 Blackf. 489; *Leobold* v. *The State*, 33 Ind. 484.

The judgment is reversed, with instructions to the court below to quash the indictment; and the clerk of this court will issue the proper order for the return of the prisoner.