The State v. Williams.

Judgment affirmed.

Filed Oct. 10, 1885.

---

No. 12,212.

## THE STATE v. WILLIAMS.

CRIMINAL LAW.—*Obtaining Goods by False Pretences.—Indictment.*—In an indictment for obtaining goods by false pretences, it is sufficient to charge the ownership of the goods so obtained to be in a partnership by its firm name, under section 1753, R. S. 1881, and that the false pretences were made to the partnership by its firm name.

SAME.—*Belief in False Representations.*—Where the indictment in such case avers that said firm "relying on said false representations," etc., it sufficiently appears that the representations were believed to be true.

SAME.—*Goods must be Obtained by False Pretences.*—An indictment averring that, for the purpose of obtaining "credit," certain false representations were made, and that by means of the representations thus made, the defendant did then and there obtain from, etc., " on credit," certain goods, etc., does not sufficiently show that the goods were delivered in pursuance of the alleged false representations, as the connection between the false pretences and the obtaining of the goods on credit is not shown.

From the Wells Circuit Court.

*E. C. Vaughn,* Prosecuting Attorney, for the State.

MITCHELL, C. J.—The State, by its appeal in this case, presents the question of the sufficiency of an indictment for obtaining goods by false pretences.

After the formal part, the indictment charges, in substance, that Hiram B. Williams, on a date mentioned, " did then and there feloniously, designedly, and with intent to defraud Francis H. Leggett & Co., and for the purpose of obtaining credit of and from the firm of Francis H. Leggett & Co.,

falsely pretend to the said Francis H. Leggett & Co., that the firm known as H. B. Williams & Co., dealing in and selling groceries and general merchandise in the city of Bluffton, Indiana, was composed of H. B. Williams and Reuben Stout, * * * and that the said Reuben Stout was the company, meaning thereby that the said Reuben Stout was a partner of the said H. B. Williams and a member of the firm of H. B. Williams & Co., and the said firm of Francis H. Leggett & Co. relying on said false representations, and by means of said false representations and pretences, the said Hiram B. Williams did then and there feloniously obtain from the said Francis H. Leggett & Co., on credit." Here follows a description of various articles of personal property and their value, after which the indictment proceeds: "All of the personal goods and chattels of Francis H. Leggett & Co., with the intent then and thereby to cheat and defraud the said firm of Francis H. Leggett & Co., whereas in truth and in fact the said Reuben Stout was not the 'company' nor a member of said firm of H. B. Williams & Co.," etc.

A motion to quash was sustained. As there is no brief on behalf of the appellee, we are without information as to the grounds upon which the indictment was deemed insufficient.

It is said by the prosecuting attorney in his brief, that the first objection which was made to the indictment in the court below was, that the names of the members of the firm whose property was obtained were not set out. It is claimed that this objection is untenable by reason of section 1753, R. S. 1881. This section provides that "When any offence is committed upon or in relation to any property belonging to partners or to several joint owners, or which, when the offence was committed was in possession of a bailee or tenant, the indictment or information for such offence shall be deemed sufficient, if it allege the ownership of such property to be in such partnership by its firm name," etc. Under this section, it would doubtless be sufficient to charge the ownership of the property, the possession of which was obtained by means of the

alleged false pretences, to be in the partnership by its firm name; but the question still remains, was it sufficient to charge that the false pretences were made to the partnership by its firm name? We do not think the statute referred to affects the question. Without regard to the statute, however, it was proper to charge that the representations were made to the partnership by its firm name.

In the case of *Commonwealth* v. *Harley*, 7 Met. 462, the charge was that the defendants "did designedly and falsely pretend and represent to said George B. Blake & Co. that," etc. It was held that the indictment was sustained by proof that the representation was made to a clerk of the firm. *Stoughton* v. *State*, 2 Ohio St. 562; *Commonwealth* v. *Call*, 21 Pick. 515; 2 Whart. Crim. L., sections 1171, 1212.

The next objection said to have been made to the indictment is that it does not aver that the firm of Francis H. Leggett & Co. believed the representations to be true. The averment in the indictment is, that "relying on said false representations," etc. It was held in *Clifford* v. *State*, 56 Ind. 245, that this was a sufficient averment that the representation was believed to be true.

It is also said that objection was made to the indictment because it did not appear that the goods were delivered in pursuance of the alleged false representations. The averments in that regard are, that, for the purpose of obtaining "credit," certain false representations were made, and that by means of the representations thus made Williams did then and there obtain from Francis H. Leggett & Co., "on credit, certain goods," etc.

It does not appear from the averments in the indictment whether the goods were obtained as a result of negotiations for a purchase, loan or exchange; simply that they were obtained on credit. We think this is too uncertain. The connection between the false pretences and the obtaining of the goods on credit is not shown.

In *Commonwealth* v. *Strain*, 10 Met. 521, it was said that

the " sale or exchange ought to be set forth in the indictment, and that the false pretences should be alleged to have been made with a view to effect such sale or exchange, and that by reason thereof the party was induced to buy or exchange, as the case may be." *State* v. *Philbrick,* 31 Maine, 401.

In the case last cited the indictment averred that by means of certain false pretences the accused did then and there knowingly and designedly obtain one horse of the value of fifty dollars from one Goff. It was held bad, because it contained no allegation that by reason of such false pretences Goff was induced to sell or exchange his horse. *Todd* v. *State,* 31 Ind. 514; *State* v. *Orvis,* 13 Ind. 569; *Johnson* v. *State,* 11 Ind. 481; *Jones* v. *State,* 50 Ind. 473; *Wagoner* v. *State,* 90 Ind. 504.

We think there was no error in the ruling of the court, and the judgment is affirmed.

Filed Oct. 9, 1885.