The State v. Conner.

Filed April 20, 1887.

---

No. 13,721.

THE STATE v. CONNER.

CRIMINAL LAW.—*False Pretences.*—*Obtaining Goods by.*—*Indictment.*—Under the act of March 6th, 1883 (Acts of 1883, p. 126), an indictment for obtaining goods under false pretences, which does not show that the possession of the property was obtained by means of the false pretences alleged to have been made by the defendant, is bad.

From the Gibson Circuit Court.

*M. W. Fields* and *J. W. Ewing*, for the State.

*J. E. McCullough* and *J. H. Miller*, for appellee.

NIBLACK, J.—At the September term, 1886, of the court below, an indictment against John W. Conner, the appellee, for obtaining property under false pretences, was returned by the grand jury.

The indictment was in two counts, and, on a motion to quash, both counts were held to be insufficient, and the appellee was discharged.

The first count charged, that on and prior to the 6th day of March, 1885, the appellee and one James A. McClellan were partners in the sale of dry goods and of general merchandise, in the town of Oakland, in the county of Gibson, in this State, under the firm name of Conner & McClellan;

that on said 6th day of March, 1885, at said town of Oakland, the appellee wilfully, knowingly, falsely and feloniously, and with intent to defraud Charles P. Kellogg & Co., a firm of merchants doing business at Chicago, in the State of Illinois, and with the further intention of inducing the said Charles P. Kellogg & Co. to sell a large quantity of clothing and other merchandise to the said firm of Conner & McClellan on credit, represented and pretended to the said Kellogg & Co., that the said firm of Conner & McClellan commenced business on the 1st day of January, 1885, with a capital of fifteen thousand dollars, contributed and paid in by its members; that there was then due said firm in notes and accounts the sum of one thousand dollars, and that said firm had on hand in cash three hundred and fifty dollars; that said firm had also remaining on hands goods and stock in trade, of the value of fourteen thousand dollars; that the total indebtedness of said firm amounted to only the aggregate sum of fourteen hundred dollars; that said firm was doing business at the rate of twenty thousand dollars a year; "that said Charles P. Kellogg & Co., relying on said representations and pretences, and believing the same to be true, and being deceived thereby, on the 24th day of March, 1885, sold on credit and delivered to said firm of Conner & McClellan, at their special instance and request, at the town of Oakland, Gibson county, Indiana, the following goods and chattels, the property of the said Charles P. Kellogg & Co., to wit: Eleven overcoats, of the value of ten dollars each," and a large amount of other property, particularly describing it.

The count then proceeded to negative in detail the several representations charged to have been made by the appellee, and to aver that said firm of Conner & McClellan was, at the time the same were made, wholly insolvent, all of which was fully known to the appellee.

The second count gave more in detail, but contained substantially the same facts as those set forth in the first count,

except that it charged that the alleged false representations were made to the Bradstreet Company, a commercial agency, and the agent of the said Charles P. Kellogg & Co.

So much of the act of March 6th, 1883, as defines the crime intended to be charged in the indictment in this case, is as follows: "Whoever, with intent to defraud another, designedly, by color of any false token or writing, or any false pretence, obtains the signature of any person to any written instrument, or obtains from any person any money, or the transfer of any bond, bill, receipt, promissory note, draft, or check, or thing of value, * * * shall be imprisoned in the State prison not more than seven years nor less than one year, and fined in any sum not more than one thousand dollars nor less than ten dollars." Acts of 1883, p. 126.

Counsel agree that the motion to quash the indictment was sustained upon the ground that both counts failed to show, with sufficient certainty, that the possession of the property referred to was obtained by the firm of Conner & McClellan by means of the false pretences alleged to have been made by the appellee.

To sustain a prosecution for obtaining goods under false pretences it must be, in legal effect, charged in the indictment, as well as proved at the trial, that the goods were obtained by means of the alleged false pretences. Wharton Crim. Law, section 1175; 2 Bishop Crim. Law, section 461; Moore Crim. Law, section 739; State v. Orvis, 13 Ind. 569; Todd v. State, 31 Ind. 514; State v. Williams, 103 Ind. 235.

The false pretences charged must have at least entered into the transaction and have constituted a material inducement to the transfer of the possession of the goods.

Both counts of the indictment in this case averred with sufficient certainty the falsity of the representations alleged to have been made by the appellee, and that Kellogg & Co. relied upon such representations, believing them to be true, and were thereby deceived; but how or to what extent deceived was not averred. It was not even inferentially

charged that it was by means of such false representations, that Kellogg & Co. were induced to part with the possession of the goods in question.

The succeeding allegation, that, eighteen days after the false representations were so made and relied on, Kellogg & Co. sold and delivered these goods to Conner & McClellan on credit, *at their, the latter's, special instance and request,* failed to indicate any natural or logical connection between the false representations and the sale and delivery of the goods.

The *gravamen* of the offence, which was evidently in the pleader's mind, was the obtaining the possession of the goods by criminal means, rather than gaining commercial standing which resulted in a subsequent sale on credit in what would seem to be the usual course of business, but the first named offence is not aptly and fully charged. This conclusion is, we believe, fairly sustained by the case of *State* v. *Williams,. supra,* and by the precedents in similar cases.

The judgment is affirmed, with costs.

Filed April 23, 1887.