## THE STATE v. MILLER.

[No. 18,960. Filed October 12, 1899.]

FALSE PRETENSES.—*Indictment.*—*Ownership of Property.*—*Criminal Law.*—An indictment for obtaining money by false pretenses which fails to state the ownership of the money thus obtained is fatally defective. *pp. 229-231.*

SAME.—*Indictment.*—*Inducing Purchase of Property.*—*Criminal Law.* —An indictment for obtaining money by false pretenses, alleging that the false pretenses were made to induce the purchase of certain property, of which defendant was not the owner, and to obtain money therefor, is insufficient, where it is not charged that a sale was made, as it does not show any connection between the false pretenses and the receipt of the money. *pp. 229-231.*

From the Elkhart Circuit Court. *Affirmed.*

*W. L. Taylor,* Attorney-General, *Merrill Moores* and *C. G. Sims,* for State.

*Lou W. Vail,* for appellee.

DOWLING, J.—This was a prosecution under §2204 R. S. 1881, §2352 Burns 1894, for obtaining money by false pretenses. On the motion of the appellee, the indictment was quashed on the ground that it did not state facts sufficient to constitute a public offense. The prosecuting attorney excepted to the opinion of the court upon the point of law so presented, and reserved it for decision upon an appeal to this court.

The indictment was in these words (title and indorsement omitted): "The grand jury of the county of Elkhart, and State of Indiana, upon their oath do charge and present: That on the 4th day of March, 1899, at the county of Elkhart, and State of Indiana, one Edward Miller did then and there feloniously, unlawfully, and falsely pretend to one Robert White, with intent then and there, and by such false pretense to cheat and defraud the said Robert White, for the purpose of inducing the said Robert White to buy a certain

bay horse, and of obtaining from the said Robert White a certain sum of money, to wit, the sum of ten dollars, good and lawful money of the United States of America, then and there of the value of ten dollars; that the said Edward Miller was then and there the owner of, and had the right to sell the said bay horse then and there being; that the said Robert White, relying upon the said representations of the said Edward Miller, and his false pretenses as aforesaid and believing the same to be true, and being thereby deceived, and having no means of ascertaining the contrary, did then and there, upon the said day, give to the said Edward Miller the said sum of money, to wit, ten ($10) dollars, and the said Edward Miller did then and there, and thereby receive and obtain possession by means of his false pretenses, as aforesaid, of the said sum of money, to wit, ten dollars, to the injury of the said Robert White; whereas in truth and in fact, said false representations and pretenses were wholly false, and the said bay horse was not then and there the property of the said Edward Miller, but of another person, and the said Edward Miller had no right to sell the said bay horse, as the said Edward Miller then and there well knew, contrary, etc.    Chas. G. Sims, Pros. Att'y."

The ruling of the court upon the motion to quash was clearly right. The indictment was fatally defective in at least two particulars. It failed to state the ownership of the $10 alleged to have been obtained from White, and it showed no connection between the false pretenses and the payment or delivery of the money by White to the appellee.

It is said in *State v. Smith*, 8 Blackf. 489: "It is not necessary to express an opinion upon the point in this case, as the count of the indictment now under consideration is clearly bad in not alleging the ownership of the goods obtained. 3 Chitt. C. L. 999; Whart. C. L. 465; *Reg. v. Parker*, 3 Ad. & Ell. (N. S.) 292; *Reg. v. Norton*, 8 C. & P. 196; *State v. Lathrop*, 15 Vt. 279."

State *v.* Miller.

Again, in *Leobold* v. *State*, 33 Ind. 484, the court say: "No ownership of the money obtained is alleged in the indictment. This is essential, as has been heretofore determined by this court. *State* v. *Smith*, 8 Blackf. 489. That it was money obtained in this case, instead of other property, can make no difference, that we can perceive, in respect to the necessity of an allegation of ownership. The case of *Reg.* v. *Norton*, 8 C. & P. 196, cited in *State* v. *Smith*, *supra*, was a case of the obtaining of money, in which it was held that an allegation of ownership was essential."

The representations set out in the indictment indicate that their object was to induce White to purchase a horse; but it does not appear that they were effective for that purpose, or that any sale of the horse was made. There is no charge in the indictment that the false representations were made to obtain credit, but it is alleged that they were made "for the purpose of inducing the said Robert White to buy a certain bay horse, and of obtaining from the said Robert White a certain sum of money, to wit," etc. As no sale of the horse took place, no connection is shown between the alleged pretenses, and the delivery of the $10 to appellee. It is said in *Commonwealth* v. *Strain*, 10 Metc. (Ky.) 521, cited in *State* v. *Williams*, 103 Ind. 235, "that the sale or exchange ought to be set forth in the indictment, and that the false pretenses should be alleged to have been made with a view to effect such sale or exchange, and that by reason thereof the party was induced to buy or exchange, as the case may be."

There was no error in the ruling of the court, and the judgment is affirmed.