## MITCHELL *v.* STATE.

### Opinion delivered December 14, 1901.

FALSE PRETENSES—SUFFICIENCY OF EVIDENCE.—An indictment for false pretenses which alleged that defendant obtained a certain writing deposited with the clerk as security for the costs in a certain case by falsely stating to the clerk that the costs in the case "had been arranged" is not supported by proof that defendant either stated that such costs "had been" or "would be" arranged.

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

Reversed.

#### STATEMENT BY THE COURT

The defendant, A. B. Mitchell, was indicted by the grand jury of Ouachita county for the crime of false pretenses. The body of the indictment is as follows: "The said defendant on the first day of October 190—, in Ouachita county, Arkansas, did unlawfully, falsely, fraudulently and feloniously obtain from C. T. Gordon a certain bill of sale for two suits of clothes, given by Sam Adair to H. B. Nicholson, special constable for Lafayette township, by falsely and feloniously stating to said C. T. Gordon that the cost in the case of the State v. Sid. Avera had all been arranged with Captain Burkett, and that he wanted to borrow the bill

of sale, which said statement was false, and was relied upon and believed by the said C. T. Gordon; that said bill of sale was of the value of forty dollars, and was given to said special constable to secure the cost in the said case of the State v. Sid. Avera; against the peace and dignity of the State of Arkansas.

"T. J. GAUGHAN, Prosecuting Attorney."

The defendant was tried, convicted and sentenced to be confined in the penitentiary at hard labor for one year.

*George W. Murphy, Attorney General,* for appellee.

RIDDICK, J., (after stating the facts.)  This is an appeal from a judgment of conviction for false pretenses.  The false pre-. tense alleged in the indictment is that the defendant stated to C. T. Gordon "that the cost in the case of the State v. Sid. Avera had all been arranged with Captain Burkett. By this false pretense it is alleged that the defendant procured from Gordon a bill of sale for two suits of clothes, which bill of sale had been deposited as security for the costs.

The case in which the bill of sale was given as security for costs was a prosecution begun before a justice of the peace against Sid. Avera for an assault and battery upon Sam Adair.  Adair gave the bill of sale for two suits of clothes to secure the costs.  The case was appealed to the circuit court, and the justice of the peace sent the bill of sale, with transcript and other papers, to the clerk of the circuit court.  On the trial in the circuit court Sid. Avera was acquitted, and Adair became liable for the costs, to secure which he had given the bill of sale.  Adair thereupon made an arrangement with John Burkett by which Burkett agreed that he would pay all the costs for Adair.  After he had made this arrangement with Burkett, Adair, who was a negro, went to the defendant, who was a negro preacher and friendly to Adair, and sent him to the clerk of the circuit court to get the bill of sale, so that he could get his suits of clothes back.  Gordon, the prosecuting witness, was clerk of the circuit court.  He testified that the defendant came to him, and told him the costs in the justice's court had been settled, and asked for the bill of sale; that the witness then inquired, "What about my costs?" and defendant replied, "That has all been arranged with Captain Burkett."  Gordon further testified that thereupon he delivered the bill of sale to the defendant, but that his costs were never paid until after the defendant was indicted.  On cross-

examination this witness was asked whether the defendant had not stated to him that the costs would be arranged by Captain Burkett, instead of had been arranged? To this question he replied: "I would not be sure whether he said 'had' or 'would be.'" That is, as we understand the witness, the defendant obtained the bill of sale by stating to him either that the costs had been arranged or would be arranged by Captain Burkett, witness not being certain which statement was made. But the indictment charges that the defendant obtained the bill of sale by falsely stating that the costs 'had all been arranged with Captain Burkett,'" and proof that the defendant stated either that the costs had been or would be arranged was not sufficient. To constitute a false pretense there must be a false and fraudulent representation of a fact as existing or having taken place by one who knows it not to be true. *State* v. *Vandimark,* 35 Ark. 396, 400. A mere promise that something will be done in the future does not constitute in law a criminal false pretense, even though the person making it knows that it will not be performed, and makes it for a fraudulent purpose. If the defendant only said that the costs would be arranged, this statement, though false, does not sustain the indictment. And, as the prosecuting witness upon whose testimony on this point the state relies for a conviction was not able to say whether the defendant said that the costs had been or would be arranged, the jury were not justified in finding that he said the costs had been arranged. If the witness for the state had said that defendant stated that the costs had been arranged, and other witnesses had testified that he only said the costs would be arranged, there would then have been a conflict in the testimony for the jury to pass on; but here the only witness testifying against the defendant on this point was not able to say whether the defendant made a statement concerning a past fact or only stated what would be done in the future. Such evidence does not overcome the legal presumption of innocence, and is not sufficient to convict.

It is true, as we have said, that Gordon testified that the defendant also stated that the cost in the justice's court had been settled. But defendant is not charged with having falsely stated that the costs in the justice's court had been settled. He is charged with having falsely stated that the costs had all been arranged with Captain Burkett, and he cannot be convicted by proof of a different false statement. Besides, it is necessary not only to show a

false pretense, but also to show that this falsehood induced the person defrauded to part with his property; and it is evident that Gordon gave up the bill of sale, not on the statement that the justice's costs had been settled, but on the statement that his own costs had either been arranged or would be arranged with Captain Burkett, and it was necessary to show on this point that the defendant stated to Gordon that "the costs had all been arranged with Captain Burkett," as charged in the indictment, but this was not done.

Again, even if it had been proved that the defendant obtained the bill of sale by stating to Gordon positively that "the costs had all been arranged with Captain Burkett," it is doubtful if this conviction should be sustained, for the reason that it was not shown that this statement was false. On the contrary, Captain Burkett and every other witness who testified on this point stated that he had agreed with Sam Adair, the person who executed the bill of sale, and who was responsible for the costs, to pay all the costs, both in the justice's court and the circuit court. The defendant had been informed of this arrangement by Sam Adair before he made the statements to Gordon and obtained the bill of sale. To show that the statement made by the defendant to Gordon was false, it was shown that Burkett had not arranged or agreed with any officer of the court to pay the costs. But this evidence amounted to nothing, for the indictment does not allege that the defendant stated that Burkett had arranged or agreed with an officer of the court to pay the costs. It alleges only that he stated that the costs had all been arranged with Captain Burkett, and the evidence shows that this statement was true. Burkett, who was, no doubt, a responsible man, and financially reliable, had agreed with Adair to pay the costs, but it seems he had no confidence in or respect for the defendant, and, when he ascertained that the defendant was undertaking to act for Adair in the matter, he refused to advance the money for the costs, or to have any further connection with the matter. It thus resulted that, after the defendant obtained the bill of sale, there was delay in the payment of the costs, and defendant was indicted. The defendant seems to have intermeddled with a matter that did not concern him. He may have intended to get possession of the bill of sale, and not pay the costs it was given to secure. There is evidence that would have sustained a finding to that extent. But the evidence is not sufficient to show

3

that he made the statement as alleged in the indictment, or, if made, that it was false. That he made false statements to the justice of the peace or to Burkett and others is not sufficient, for that is not the charge against him.

We are therefore of the opinion that the evidence, as it appears in the transcript, is not sufficient to support the verdict and judgment.

Reversed and remanded for a new trial.