## McCrann v. State of Indiana.

[No. 23,779.   Filed December 2, 1920.]

1. FALSE PRETENSES.—*Reliance on Pretenses.*—*Proof.*—In a prosecution for obtaining money under false pretenses, under §2588 Burns 1914, Acts 1907 p. 431, it must be established that the false pretense alleged was the controlling cause which induced the owner to part with his property. p. 679.

2. FALSE PRETENSES.—*Warranty of Title by Bill of Sale.*—A covenant in a bill of sale that the seller was the lawful owner of the goods, that they were free from incumbrance, that he had the right to sell them, and that he warranted the title thereto, is a mere civil warranty, and cannot be the basis of a prosecution for obtaining money under false pretenses. p. 683.

3. CRIMINAL LAW.—*Appeal.*—*False Pretense.*—Where the record fails to disclose any evidence to establish the fact that the false pretense alleged was the controlling cause which induced the

owner to part with his property, a conviction under §2588 Burns 1914, Acts 1907 p. 431, is not sustained by sufficient evidence, and is contrary to law. p. 683.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Prosecution by the State of Indiana against Thomas' McCrann. From a judgment of conviction, the defendant appeals. *Reversed.*

*James M. Ogden* and *Robert H. Kinney,* for appellant.

*Ele Stansbury,* Attorney-General, and *Remster A. Bingham,* for the state.

WILLOUGHBY, C. J.—The appellant was convicted on an affidavit charging him with a violation of §2588 Burns 1914, Acts 1907 p. 431, by obtaining money under false pretenses from one Donald E. Johnston. The trial was by the court without the intervention of a jury. The court found appellant guilty, and pronounced judgment on the finding that appellant be fined in the sum of $10, and that he be imprisoned in the state prison for a period of not less than one year nor more than seven years, and from such judgment he appeals and assigns as error that: (1) The court erred in overruling his motion for a new trial. (2) The court erred in overruling his motion in arrest of judgment.

Under the first assignment the appellant says the finding of the court is not sustained by sufficient evidence, and is contrary to law. The affidavit charges that the appellant unlawfully, designedly, knowingly and falsely pretended and represented to one Donald E. Johnston, with intent then and there and by such false pretenses to cheat and defraud the said Donald

E. Johnston, and for the purpose of inducing said Donald E. Johnston to buy of appellant one-half interest in certain property and business known as the Picture Shop, and all fixtures, tools, equipment, materials and business thereof located on the east side of the public square in the city of Noblesville, Hamilton county, Indiana; that said property was then of the value of $6,000, and would invoice $6,000, and that he, said Thomas McCrann, owned and had on hands, as part of the property of said Picture Shop, material and stock sufficient to carry on the business of said Picture Shop until the month of May, 1920, and that said stock and material were paid for; that said Donald E. Johnston, relying on said false representations and false pretenses, and believing them to be true, did buy of said appellant the one-half interest in said Picture Shop, and paid for the same the sum of $2,000.

The affidavit further alleges that in truth and in fact said Thomas McCrann was not the owner of said Picture Shop and property thereof, and that said property was not clear and free of debt and incumbrances; that said property was not of the value of $6,000, but of the value of $4,000; that said appellant did not own and have on his hands sufficient stock and materials to carry on said business of said Picture Shop until May, 1920, and such stock and materials as he did have were not fully paid for, all of which the said appellant then and there well knew.

To sustain a prosecution for obtaining goods under false pretenses it must be, in legal effect, charged in the indictment, as well as proved at the trial, 1. that the goods were obtained by means of the alleged false pretenses. 2 Bishop, Criminal

Law (7th ed.) §461; Clark, Criminal Law (3d ed.) 368; Moore, Criminal Law §739; *State* v. *Orvis* (1859), 13 Ind. 569; *Todd v. State* (1869), 31 Ind. 514; *State v. Williams* (1885), 103 Ind. 235, 2 N. E. 585.

The false pretense must be the controlling cause which induced the owner to part with his property. *Woodbury* v. *State* (1881), 69 Ala. 242, 44 Am. Rep. 515; *Mitchell* v. *State* (1901), 70 Ark. 30, 65 S. W. 935; *State* v. *Conner* (1887), 110 Ind. 469, 11 N. E. 454.

Donald E. Johnston, the prosecuting witness, testified as follows:

"I looked over the place and made some investigation; McCrann said the place would invoice between five and six thousand dollars. He did not say who owned the cash register. He said nothing about it being free and clear from incumbrances nor as to the ownership of it. He said there was a bill from the Axline Drug Company. I paid $2,000 for a half interest in the business. I paid by check and a bill of sale and contract of partnership agreement were executed. Before the contract was signed Mr. Feemster inserted the words 'One cash register.' Feemster was my attorney. Before the contract was signed I paid the $2,000. I have no opinion of the value of the property. The following guarantee was a part of the partnership agreement.

"Noblesville, Indiana, Jan. 12th, 1920.

"In consideration of the purchase by D. E. Johnston of a one-half interest in the business and property of the Picture Shop of me, I hereby guarantee to said Johnston that his share in the gross receipts of the business of said concern for the year beginning January 12th, 1920,

and ending January 12th, 1921, shall not be less than $3,600 and I will make up to him any deficiency in said sum as ascertained on January 12th, 1921.

"(Signed) Thomas McCrann.

"Witness A. M. Feemster.

"I would not have entered into the agreement unless I had a guarantee of making $3,600. I would not have signed the contract unless the guarantee of $3,600 had been on the contract."

The bill of sale referred to by the prosecuting witness is as follows:

"Noblesville, Indiana, January 1920.

"In consideration of the sum of Two Thousand Dollars to us in hand paid by Donald E. Johnston, I hereby sell and deliver to him the full one-half interest in and to the business and property called and constituting the Picture Shop, situated on the East side of the Public Square in the Town of Noblesville, Indiana. Said property to include all pictures, furniture and equipment, one desk, one cash register, one typewriter, four cameras including one enlarging camera, all studio fixtures and equipment, negatives, all material and chemicals, and supplies, picture frames, glass, picture framing machinery and tools, equipment and all other property used in and about the business of said Picture Shop, also one-half interest in the lease of the premises where said business is located, and the right to the use of said name, and the good will of said business, and all agency contracts, understandings and arrangements.

"Possession shall be given of said interest at once.

"It is understood and agreed that there will be executed contemporaneously with this, certain articles of partnership, by and between the said Johnston and said the undersigned T. M. McCrann creating a partnership by and between and of them to take over the property of said Picture Shop and continue the business by it heretofore carried on, and that the Capital Stock of said partnership shall be Four Thousand Dollars, to be paid for by said property, said Johnston putting into it his one-half interest in said property for one-half interest therein, and said McCrann putting into said partnership, his one-half of said Picture Shop property for the other half interest in said partnership.

"It is further agreed as of the consideration hereof that said T. M. McCrann shall not be interested, concerned, engaged or employed directly or indirectly in the same kind of business in Hamilton county as that now carried on by said Picture Shop, for a period of five years from this date, except in the business of said partnership referred to above.

"And I hereby covenant that I am the lawful owner of all the property goods and chattels aforesaid, that they are clear and free of all encumbrance, that I have a good right to sell the same, and that I will warrant and defend the same against the lawful claims of all persons.

"In Witness Whereof, I have set my hand and seal this 12th day of January, 1920.

"(Signed) Thomas McCrann

"Donald E. Johnston"

"Witness:—A. M. Feemster."

The last clause of the bill of sale is a warranty that appellant will defend his title against all lawful claims. This warranty may become the ground for a civil action, but cannot be the basis of a prosecution for obtaining money under false pretenses. *Stumpff* v. *People* (1911), 51 Colo. 202, 117 Pac. 134.

One of the essential elements of the offense charged in this affidavit was that the false pretense alleged was the controlling cause which caused the prosecuting witness to part with his property. We have been unable to find in the record any evidence supporting this element of the case. There being no evidence to sustain one of the essential elements of the offense charged, the conclusion follows that the verdict is not sustained by sufficient evidence and is contrary to law.

In defendant's motion in arrest of judgment the only objection pointed out to the affidavit is that it does not specifically charge that the pretense was false. The appellant has misread the affidavit; it is good as against that objection.

Judgment reversed.