## COMPTON *v.* STATE OF INDIANA.

[No. 25,364.   Filed February 26, 1930.]

*Lorin H. Kiely*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Bernard H. Keltner*, Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was convicted of the crime of obtaining merchandise by means of false pretenses. The trial was by the court without a jury. After a motion for a new trial had been made, and judgment had been rendered upon the finding of the court, he brings this appeal.

The appellant says that the trial court erred in overruling his motion to quash the affidavit. He contends that the facts stated in the affidavit do not constitute a public offense; that the affidavit does not state the offense charged with sufficient certainty.

This prosecution is based on §2947 Burns 1926, and alleges that Roy Compton, "on or about the 21st day of October, A. D. 1926, at said county of Vanderburgh, State of Indiana, as affiant verily believes, did then and there unlawfully, feloniously, and designedly, with intent to defraud one Parsons and Scoville Company, a corporation, falsely pretend to said Parsons and Scoville Company, a corporation, that he, said Roy Compton, was one Edwin P. Bowman, and that he was the duly authorized agent of the Bowman Store of Grayville, Illinois, a company having and enjoying a high credit rating in the commercial world, and that, as said agent of said Bowman Store, he, the said Roy Compton, desired to purchase from said Parsons and Scoville Company, a corporation, certain articles of merchandise of the value of three hundred eighty-four dollars and ninety-six cents ($384.96); that by means of such false pretenses the said Parsons and Scoville Company, a corporation, relying upon and believing the same to be true,

said Roy Compton did then and there unlawfully, feloniously, and designedly, obtain from the said Parsons and Scoville Company, a corporation, the following described merchandise and personal property, to wit: Here the articles are set out in the indictment and it alleges that they were of the value of $384.96. The affidavit further alleges that, in truth and in fact, said representations so made were false in the following respects, to wit: Said Roy Compton was not the said Edwin P. Bowman, and said Roy Compton was not the authorized agent of the said Bowman Store, and the said Roy Compton was not purchasing said merchandise from said Parsons and Scoville Company, a corporation, on behalf of and for the sole use of said Bowman Store, then and there being," etc.

The affidavit does not allege that the Parsons and Scoville Company, a corporation, was the owner of the property alleged to have been obtained by false pretenses, and the affidavit fails to allege who was the owner of the property charged to have been obtained by false pretenses.

To constitute a good charge for obtaining money or property by false pretenses, it must be shown that the injured party was deceived by the false representation and induced by such deceit to part with his money or property. *State* v. *Williams* (1885), 103 Ind. 235, 2 N. E. 585; *State* v. *Conner* (1887), 110 Ind. 469, 11 N. E. 454; *State* v. *Miller* (1899), 153 Ind. 229, 54 N. E. 808; *McCrann* v. *State* (1920), 189 Ind. 677, 128 N. E. 848.

An indictment which avers that, for the purpose of obtaining credit, certain false representations were made, and, by means of said representations thus made, the defendant then and there obtained from, etc., certain goods, does not sufficiently show that the goods were delivered to him. The affidavit is insufficient

for failure to show the ownership of the property alleged to have been procured by false pretenses. *Leobold* v. *State* (1870), 33 Ind. 484; *Halley* v. *State* (1873), 43 Ind. 509; *Green* v. *State* (1901), 157 Ind. 101, 60 N. E. 941; *State* v. *Miller, supra.*

An affidavit charging obtaining property by means of false pretenses must clearly state the ownership in some person, and the failure to so allege is fatal. *State* v. *Miller, supra; Green* v. *State, supra.*

An indictment or information charging obtaining money or property by false pretenses or false tokens must allege, with certainty and precision, every essential fact and circumstance necessary to constitute the completed offense, and necessary to be proved in order to convict the accused, stating all the facts and circumstances with such particularity as to clearly designate the person charged and apprise him of what he is expected to meet and will be required to answer, and such as will enable the court to determine whether the facts alleged, upon the face of the indictment or information, ·are sufficient to constitute the crime sought to be charged, and will protect the accused against further prosecution for the same alleged offense, and be sufficiently certain to enable the court to determine what evidence is admissible. In those cases in which the representations consist of a series of interdependent statements, the allegation of falsity must not be negatively pregnant. The court, will not indulge in any presumptions to aid the indictment or information; that is to say, ambiguity or uncertainty in the language used cannot be supplemented by intendment, or by argument, or by implication. False pretenses must be shown that they were made or authorized by the accused, that they were false and fraudulent, and that they were relied upon by and deceived the person to whom they were made. The money or property obtained by the accused must

also be stated.    1 Wharton, Criminal Procedure (Kerr's 10th ed.) §625.

If false representations had been made by the appellant in this case and such representations were believed by the Parsons and Scoville Company, a corporation, and it had relied on such representations, and had been the owner of the goods obtained, but the appellant had not obtained the possession of said goods by such representations, but in some other way, then appellant would not be guilty of obtaining the same by false pretenses. Again, if the Parsons and Scoville Company, a corporation, had believed the representations of this appellant and agreed to deliver possession of said goods to him on the strength of such representations, but, before it delivered the goods to him, had found out that the representations were untrue, and then, notwithstanding such information, it had delivered the goods to the defendant, he would not be guilty of false pretenses as defined by §2947 Burns 1926.

The true test to apply to an affidavit of this kind is, Could every statement or allegation in the affidavit be true and yet the defendant be innocent of violating the provision of this statute?    *State* v. *Davis* (1922), 192 Ind. 423, 136 N. E. 843.

It is not alleged in this affidavit that the said Parsons and Scoville Company, a corporation, was induced by said false pretenses to part with the goods alleged to have been obtained in this case, nor that said company was the owner of said goods.    It was error for the trial court to overrule the motion to quash.

Judgment reversed, with directions to sustain appellant's motion to quash the affidavit.