KIRK *v.* STATE OF INDIANA.

[No. 26,035. Filed February 23, 1935.]

*Charles H. Bedwell, Tella C. Haines,* and *Shake & Kimmell,* for appellant.

*James M. Ogden,* Attorney-General, and *E. Burke Walker,* Deputy Attorney-General, for the State.

HUGHES, J.—This is an appeal from a judgment of the Sullivan circuit court wherein the appellant was convicted on a charge of an embezzlement in receiving, as cashier of the First State Bank of Shelburn, a cer-

tain deposit at a time when the bank was alleged to be insolvent, pursuant to §2479, Burns 1926, Acts 1907, p. 14.

The assignment of errors is as follows:

(1) The trial court erred in overruling appellant's motion to quash the affidavit.

(2) The trial court erred in overruling appellant's motion in arrest of judgment.

(3) The trial court erred in overruling appellant's motion for a new trial.

The affidavit upon which this prosecution is predicated is as follows: "Claud German, being duly sworn, upon his oath says that one Richard Kirk, late of said county, on the 12th day of January, A. D. 1929, in the said County of Sullivan, and State of Indiana, was then and there the cashier of an incorporated bank doing business in said County of Sullivan and State of Indiana, to wit, First State Bank of Shelburn, Indiana; that said bank was then and there wholly insolvent, which fact was then and there well known to said cashier, Richard Kirk; that the said Richard Kirk, well knowing the insolvency of said bank, as aforesaid, did then and there at said bank unlawfully, feloniously and fraudulently receive and take by virtue of his said employment as cashier of said bank from the partnership firm of German & Miller, which said firm was not then and there indebted to said bank, the sum of seventeen dollars and fifteen cents, as a deposit with said bank, whereby the said sum of seventeen dollars and fifteen cents was lost to the depositor, the said firm of German & Miller, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The appellant relies upon five propositions for a reversal of this case as specifically set out in his brief as follows:

(1) That the court erred in overruling his motion to quash.

(2) That the court erred in giving instruction Number 14.

(3) That the court erred in giving instructions Numbers 17 and 18.

(4) That the court erred in giving instruction Number 15.

(5) That the court erred in giving instruction Number 26.

The appellant contends that his motion to quash should have been sustained for the reason (1) that the facts stated in the affidavit do not constitute a ▮ public offense; (2) that the affidavit contains matter which, if true, would constitute a legal justification of the offense charged; and (3) that the affidavit does not state the offense with sufficient certainty. We can not sustain this contention of the appellant. The appellant in his brief says—"there is no allegation as to who composed the firm of German & Miller, no allegations of the indebtedness of the individuals composing said firm of German & Miller, and no allegation that such deposit was lost to any of the individuals composing such firms." The affidavit, among other things, alleges "that said Richard Kirk . . . did then and there at said bank unlawfully, feloniously and fraudulently receive and take by virtue of his said employment as cashier of said bank from the partnership firm of German & Miller, which said firm was not then and there indebted to said bank, the sum of $17.15, as a deposit with said bank, whereby the said sum of $17.15 was lost to the depositor, the said firm of German & Miller . . ."

Section 2219, Burns 1926, §9-1121, Burns 1933, §2204, Baldwin's 1934, provides that: "When any offense is committed upon or in relation to any property

belonging to partners, or to several joint owners, or which, when the offense was committed, was in possession of a bailee or tenant, the indictment or affidavit for such offense shall be deemed sufficient if it allege the ownership of such property to be in such partnership by its firm name, or in any one of such partners, owners, bailors or bailees, tenant or tenants without naming all of them: . . ."

We think that under the foregoing statute it was unnecessary to give the individual names composing the partnership and that the firm name was sufficient. *State* v. *Williams* (1885), 103 Ind. 235, 2 N. E. 585. We are of the opinion that the affidavit sufficiently charges a public offense and that the offense charged was stated with sufficient certainty. The motion to quash was properly overruled.

It is next contended by the appellant that instruction Number 14, given by the court of its own motion was erroneous and that the court erred in giving it. Instruction Number 14 is as follows: "The material allegations in the affidavit are: First, that the First State Bank of Shelburn, Indiana, was an incorporated bank, and doing a banking business on the 12th day of January, 1929, in the County of Sullivan and State of Indiana, and that the defendant, Richard Kirk, was then the cashier of said bank; second, that at the time and place as charged in the affidavit the defendant, Richard Kirk, as such cashier, did unlawfully, feloniously and fraudulently receive and take by virtue of his said employment as cashier of said bank, from the partnership firm of German & Miller the sum of $17.15 in money; third, that at the time of receiving the said deposit the partnership firm of German & Miller was not indebted to the First State Bank of Shelburn, Indiana, and, fourth, that such deposit was thereby lost to the said depositor."

It is seen from a reading of the instruction that the essential element of the offense charged; that is, the insolvency of the bank, and knowledge on the part of the appellant at the time he received the deposit of its insolvency is omitted. The instruction clearly undertook to set out the material allegations of the affidavit, but just as clearly omitted some of the essential allegations. The jury had been told by the court in instruction Number 4 that the State had the burden of proving the material allegations of the complaint beyond a reasonable doubt.

It is the rule, as decided in many cases, that where an instruction assumes to state all the essential elements of an offense, and one or more is omitted, the same is erroneous, and that the giving of such an instruction is error and can not be corrected by giving a proper instruction on that subject, unless such erroneous instruction is plainly withdrawn. *Rahke* v. *State* (1907), 168 Ind. 615, 81 N. E. 584. The said instruction was erroneous and was not withdrawn from the jury. We can not say it was harmless.

The appellant further contends that instruction Numbers 17 and 18 are erroneous. Instruction Number 17 is as follows:

"One of the questions for you to determine in this cause is whether the First State Bank of Shelburn, Indiana, was solvent or insolvent on the 12th day of January, 1929.

"This is a question of fact to be determined by you, as any other fact, from the evidence in the case.

"I instruct you that a bank is solvent when it has enough assets to pay all of its liabilities as they become due in the ordinary course of business, or, in other words, when it can pay its depositors on demand in accordance with its promises.

"Where the actual market value of all the assets of a

bank is not sufficient to meet its liabilities in the manner and form above stated, such bank is insolvent."

This instruction, in practically the same words, was given in the case of *Smith* v. *State* (1932), 203 Ind. 561, 181 N. E. 519, and was held erroneous, and the case was reversed. The instruction in that case was very thoroughly considered and discussed and we do not consider it necessary to re-consider it here. On the authority of that case, we hold the instruction to be erroneous. Instruction Number 18 is very similar and to the same effect as Number 17 and is likewise erroneous.

Objections are made to instructions Numbers 15 and 26. We have carefully examined these instructions and do not think they are erroneous.

On account of giving instructions Numbers 14, 17, and 18, which we hold to be erroneous, the judgment is reversed.

Judgment reversed.