### EATON *v*. STATE OF INDIANA.

[No. 29,588. Filed June 25, 1958.]

*Sidney L. Berger,* of Evansville, and *DeRoo Weber,* of Mt. Vernon, for appellant.

*Edwin. K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellant was convicted after a jury trial of the crime of blackmail for which he was sentenced one to five years. He appeals from the judgment assigning as error the overruling of his motion for new trial.

Appellant contends the court erred in giving to the jury instruction No. 1, which is as follows:

"You are instructed that in this case if it is proven beyond a reasonable doubt that the defendant threatened to make accusations to Henry H. Topper's wife that said Topper had been guilty of immoral conduct, it is immaterial whether or not such accusations are in fact true, and the fact that Henry H. Topper may have been guilty of such immoral conduct, if any, is no defense to the charge of blackmail and should not be considered by you in reaching your verdict in this case. *The essential element of the crime of blackmail in this case is the threat to make an accusation of immoral conduct, regardless of whether such accusation is true.* [Emphasis supplied.]

"If you find from all the evidence beyond a reasonable doubt that the defendant, Gilbert Eaton, threatened to accuse Henry H. Topper of immoral conduct, as charged in the affidavit, which, if true, would tend to degrade and disgrace said Henry H. Topper, and that such threat was made with the intent to extort money from Henry H. Topper, then you should find the defendant guilty." (Tr. pp. 49, 50, ll. 15-5, Appellant's brief, p. 34.)

Appellant made timely objection to the giving of said

instruction for the reason the statement that the essential element of blackmail is "the threat to make an accusation of immoral conduct regardless of whether such accusation is true, is an incorrect statement of the law because it omits any reference to wrongful intent. . . ." (Tr. p. 50, ll. 16-20, Appellant's brief, p. 34.)

As stated by this court in *Kessler* v. *The State* (1875), 50 Ind. 229, at p. 233:

> ". . . The crime charged does not consist in threatening to charge an innocent party with crime, or with degrading and disgraceful immoral ■ conduct, but consists in threatening to make such accusation, *with the intent to extort or gain from any person his chattels, money, etc. . . .*" (Emphasis supplied.) See also: *McNamara* v. *State* (1932), 203 Ind. 596, 603, 181 N. E. 512, 515.

However, the above instruction described "*the essential element* of the crime of blackmail" (emphasis supplied) as being the making of the threat to ■ accuse another, but made no reference to the intent to extort money or property of such other by reason of such threat. The instruction was highly misleading in excluding this essential part of the offense, although the ingredients of the offense were later mentioned in the instruction in the mandatory portion thereof. We are not able to say appellant was not prejudiced by the giving of this instruction, a reasonable construction of which was to exclude "intent to extort" on the part of appellant as an essential element of blackmail. See: *Hart* v. *The State* (1877), 57 Ind. 102; *Hunter* v. *The State* (1885), 101 Ind. 241. How it could have had any effect except to mislead the jury to appellant's injury is difficult to see, especially when his defense was that he had no intent to extort.

Appellant also contends it was error to overrule his

motion to quash the affidavit for blackmail (on the ground it did not state a public offense) as there was no allegation as to who was the owner of the money or property attempted to be extorted.

Such an allegation has been held necessary in previous opinions of this court resulting in the reversal of convictions based on such insufficient affidavits or indictments. See: *Green* v. *State* (1901), 157 Ind. 101, 60 N. E. 941; *State* v. *Miller* (1899), 153 Ind. 229, 54 N. E. 808; *Leobold* v. *The State* (1870), 33 Ind. 484; *The State* v. *Smith* (1847), 8 Blackford 489.

Other questions presented will not likely arise on a retrial of this cause and need not, therefore, be discussed.

In view of the foregoing errors, the judgment is reversed with directions to sustain the motion for new trial.

Bobbitt, C. J., and Achor, Arterburn and Emmert, JJ., concur.

NOTE.—Reported in 151 N. E. 2d 292.