Blake *v.* The State.

BLAKE *v.* THE STATE.

[No. 2,542.    Filed October 14, 1897.]

CRIMINAL LAW.—*Disturbing Meeting.—Affidavit and Information.—* Where a prosecution, under section 2074, Burns' R. S. 1894, for disturbing a lawful meeting, is by affidavit and information, it is not necessary that the information state that the affidavit was made by a competent and reputable person.    *p. 281.*

SAME.—*Disturbing Meeting.—Sufficiency of Affidavit.—*In an affidavit charging the offense of disturbing a lawful meeting, it is not necessary to state the particular purpose for which the meeting had assembled.    *p. 281.*

From the Henry Circuit Court. *Affirmed.*

*I. N. Addison* and *L. P. Mitchell,* for appellant.

*W. A. Ketcham,* Attorney-General, and *Cassius C. Hadley,* for State.

BLACK, J.—The appellant was convicted upon affidavit and information under section 2074, Burns' R. S. 1894 (1988, Horner's R. S. 1896), charging him with unlawfully interrupting, molesting, and disturbing a certain collection of divers inhabitants of this State, met together for a lawful purpose, by unlawfully talking loudly and unnecessarily, laughing loudly and

boisterously, using threatening, abusive, profane, and obscene language, and otherwise behaving rudely.

It is assigned here that the court erred in overruling the appellant's motion to quash the affidavit and information, and in overruling his motion for a new trial. Under the former of these assignments, counsel call attention to the fact that the information does not state that the affidavit was made by a competent and reputable person. The statute, section 1717, Burns' R. S. 1894 (1678, Horner's R. S. 1896), provides that the information must be based upon the affidavit of some competent and reputable person; but it is sufficient, without further search for reasons for holding the appellant's objection not well taken, to refer to the statutory provisions concerning pleadings in criminal actions, sections 1798-1802, Burns' R. S. 1894 (1729-1733, Horner's R. S. 1896), inclusive. The requirements in these provisions with reference to the contents of an information, and the form of the information thereby authorized, do not include the statement so suggested by counsel.

It is further contended that the affidavit should have shown for what purpose the inhabitants had met, and that it was not sufficient to refer to them as met together for a lawful purpose.

It is a general rule of pleading in criminal actions, that in charging a statutory offense, it is sufficient, as against a motion to quash, to charge the offense in the language of the statute, or in terms substantially equivalent thereto. *Benham* v. *State*, 116 Ind. 112, 115; *Skinner* v. *State*, 120 Ind. 127; *Howell* v. *State*, 4 Ind. App. 148.

In *Howard* v. *State*, 87 Ind. 68, it was held that in a prosecution under the latter clause of section 1988, R. S. 1881, being section 2074, Burns' R. S. 1894, under which clause the affidavit and information before us

proceed, it is not necessary, in pleading, to state the particular purpose for which the meeting had assembled; an allegation, such as that now before us, that the inhabitants mentioned had met together for a lawful purpose, being held to be, in that respect, sufficient.

In support of the assignment that the court erred in overruling appellant's motion for a new trial, it is contended that the evidence failed to show that he, by his conduct, disturbed any one, and that it failed to prove that the meeting in question was a meeting of inhabitants of this State. We have examined the evidence, and find it sufficient to support a finding of the jury against the appellant.

It would not serve any useful purpose, as we think, to cull out of the voluminous testimony the parts thereof which lead us to such conclusion.

Judgment affirmed.