Stifel v. State.

## STIFEL v. THE STATE.

[No. 20,444. Filed December 9, 1904.]

INDICTMENT AND INFORMATION.—*Affidavit of Reputable Person.*—*Whether Information Must Show.*—It is not necessary for an information to show on its face that it was based upon the affidavit of a reputable person. p. 628.

SAME.—*Uncertainty.*—Where an information alleges that defendant feloniously represented that he was an agent of a certain company with authority to collect and receive money on sales; that by means of such false pretense, one L., relying upon the same and believing same to be true, issued to defendant a check, which defendant cashed at a bank; that in truth defendant was not an agent of such company and not authorized to collect, such information is fatally defective on motion to quash, since it does not show the intention of L. in issuing and giving his check, or that L. had bought goods from or was indebted to such company, or that it was given as a loan, or that defendant solicited the check in any way. pp. 628-630.

From Allen Circuit Court; *Edward O'Rourke*, Judge.

Prosecution by the State of Indiana against Albert G. Stifel for obtaining money under false pretenses. From a judgment entered on a verdict of guilty, defendant appeals. *Reversed.*

*R. S. Robertson* and *W. S. O'Rourke*, for appellant.
*C. W. Miller*, Attorney-General, *C. C. Hadley*, *L. G. Rothschild* and *W. C. Geake*, for the State.

HADLEY, J.—Appellant was convicted, on an affidavit and information, of obtaining money by false pretenses. He asks that the judgment be reversed for alleged errors of the court in overruling his motion to quash and for a new trial.

The information is not bad, under §1747 Burns 1901, for failure to show upon its face that it was based upon the affidavit of a competent and reputable person. *Blake v. State* (1897), 18 Ind. App. 280. But it is bad for uncertainty and failure to show affirmatively some reasonable

connection between the false pretense and the obtaining of the check and the receiving of the money thereon.

Omitting the formal parts of the information and the venue, the information charges that "Albert G. Stifel on June 22, 1903, did then and there unlawfully, feloniously, and designedly, with intent to defraud one Louis Langard, falsely pretend to said Louis Langard that he, the said Albert G. Stifel, was then and there the duly authorized agent of Robert Young, doing business under the firm name and style of the Cincinnati Distilling Company, and duly authorized by said Young to sell whisky and other merchandise for said Young to said Langard, and to collect, receipt for, and receive from said Louis Langard money due and owing from said Louis Langard to said Robert Young, under the firm name and style aforesaid, the Cincinnati Distilling Company; that by means of such false pretenses, the said Louis Langard relying upon and believing the same to be true, said Albert G. Stifel did then and there unlawfully and designedly obtain from said Louis Langard a check issued by the firm of Langard & Langard, of which said Louis Langard was a member, which check, drawn upon the Hamilton National Bank of Ft. Wayne, Indiana, was in the words and figures following, to wit: 'No. 51. Langard & Langard. Ft. Wayne, Ind. June 20, 1903. Pay to the Cincinnati Distilling Company, or bearer, $119.50. To the Hamilton National Bank, Ft. Wayne, Ind. Langard & Langard'—and which check was then and there of the value of $119.50, and the said Albert G. Stifel did then and there present said check to the Hamilton National Bank, and receive thereon $119.50 in money of the United States of the value of $119.50, the property of said Louis Langard, whereas in truth and in fact the said Albert G. Stifel was not then and there the agent of said Robert Young, doing business under the firm name and style of the Cincinnati Distilling Company, and was not authorized to collect, receipt for

and receive from said Louis Langard any money due and owing from said Louis Langard to said Robert Young, as is set forth ·in the affidavit of Homer A. Gorsline, filed herein. Wherefore," etc.

The substance of the charge is that the defendant, to defraud Louis Langard, falsely pretended to him that he (defendant) was then the authorized agent of Robert Young to sell whisky to and receipt for and receive from Langard any money owing and due from the latter to Young; that Langard believed said pretenses to be true, and relied upon them, and the defendant was thereby enabled to obtain unlawfully and designedly from Langard a check for $119.50, which check the defendant then and there presented to the bank, and received thereon the money.

To constitute a good charge for obtaining money by false pretense, it must be shown that the injured party was deceived by the false representations, and induced by the deceit to part with his money. *State* v. *Williams* (1885), 103 Ind. 235; *State* v. *Conner* (1886), 110 Ind. 469; *State* v. *Miller* (1899), 153 Ind. 229.

It is not so shown in this information. Here there is a total absence of averment as to the intent of Langard in giving his check to the defendant. It does not appear that Langard was indebted to Robert Young on·any account whatever, or that Langard at the time bought any goods of the defendant, or that the defendant requested a loan of the money on his own account, or that he solicited in any way or for any purpose the execution of the check. For aught that appears, Langard, because he believed that the defendant was an accredited representative of Robert Young, voluntarily and without request presented the check to the defendant as a gift. The law will not tolerate in criminal pleading such uncertainty, and, in this class of cases, such a want of coherent and consistent connections between the false pretense and fraud perpetrated. *Camp-*

*bell* v. *State* (1900), 154 Ind. 309; *Funk* v. *State* (1898), 149 Ind. 338.

Judgment reversed, with instructions to sustain the motion to quash the information.