HARROD *v.* STATE OF INDIANA.

[No. 24,734.   Filed April 20, 1928.]

*Holmes & McCallister,* for appellant.
*U. S. Lesh,* Attorney-General, for the State.

MYERS, J.—Appellant was convicted of the offense known as "false pretense" and sentenced, all in accordance with §2947 Burns 1926. His motion for a new trial, specifying that the finding of the court is contrary to law and not sustained by sufficient evidence, was overruled and this ruling is assigned as error.

We will give attention to the facts and evidence pertinent to the questions involved in this appeal. On November 8, 1923, Corbin V. Harrod and this appellant, Gailard D. Harrod, were engaged in selling automobiles under the firm name of "Harrod Overland Company," and on that day appellant presented to the Atlas Securities Company, a corporation, for purchase by the latter, in form, a conditional sales agreement between the Harrod Overland Company and William C. Williams, on the face of which it appeared that on November 6, 1923, Williams purchased from the Harrod company and receipted for a certain therein specifically described Willys-Knight automobile, for which he paid in cash $600, and agreed to pay the balance, $1,114.54, December 6, 1923.

To the foregoing sales agreement was attached what purports to be "Customers Statement" to the Harrod Overland Company "for the purpose of securing credit,"

which, among other things, gave three persons as references and stated that the maker of the statement owned real estate one mile west of Bainbridge on the Rockville road, value $4,000; that he is a single man and had an income for the past twelve months of $1,600, and carried life insurance of $1,000, all of which representations in writing, both in the sales agreement and customer's statement, so shown and made to the Atlas Securities Company, were false and then known to be false by appellant, and the signature of Williams to the sales agreement a forgery, as appellant then well knew; that the Atlas Securities Company, relying upon the false representations so made by appellant, and believing the same to be true, was thereby deceived and, through such deception, was induced to purchase and accept an assignment of the sales agreement and to give appellant its certain bank check for $1,069.14, which appellant received and cashed for that amount to the injury of the drawer of the check.

The facts we have recited are all reasonably inferable from the evidence. Appellant rests his contention of insufficient evidence on the assertion that the drawer of the check, as shown by the evidence, was not deceived by any false statement or pretense of appellant, but relied upon its own investigation before parting with the check. Such insistence, if well taken, would require us to order a new trial, for in a case like this it is incumbent upon the state to prove "that the injured party was deceived by the false representations, and induced by the deceit to part with his money." *Stifel* v. *State* (1904), 163 Ind. 628, 72 N. E. 600.

We have examined the evidence in the instant case with much care, but failed to find the evidence from which we can say that the representative of the Atlas Securities Company relied upon his own investigation in the purchase of the sales agree-

ment. However, we do find his statement to the effect that he would investigate the references furnished by Williams which, of course, would merely have reference to Williams personally and generally, but there is no evidence that this was done. Upon this state of the record, we are powerless to interfere with the finding of the trial court because contrary to law or not sustained by the evidence.

Judgment affirmed.