KNOPP *v.* STATE OF INDIANA.

[No. 29,152.   Filed June 17, 1954.]

Mann, Stohr & Mann, of Terre Haute, for appellant.

*Edwin K. Steers*, Attorney General, and *Owen S. Boling*, Deputy Attorney General, for appellee.

GILKISON, J.—In the trial court, appellant was charged by affidavit with obtaining money under false pretense. Omitting formal parts and the bank check which is set out therein, the affidavit is as follows:

"Ethel Jane Richardson, being duly sworn upon her oath says that William Knopp, late of said County, on or about the 26th day of January, A.D., 1951, at said County and State aforesaid, did then and there unlawfully and feloniously, designedly and with intent to cheat and defraud Ethel Jane Richardson and for the purpose of obtaining the signature of the said Ethel Jane Richardson to a certain written instrument for the payment of money, which written instrument is, and was in the words and figures, to-wit: (Bank check) The said William Knopp did then and there unlawfully, feloniously, falsely and designedly pretend and represent to her, the said Ethel Jane Richardson, that he, the said William Knopp was the owner of a certain building in the City of Terre Haute, Vigo County, Indiana, known and numbered as 16 North Fourteenth and one half street in said City, and would sell said building to the said Ethel Jane Richardson for six hundred dollars ($600.00), whereas in truth and in fact the said William Knopp did not own said building, and that the pretenses made were false; that by means of said false pretenses aforesaid, and believing and relying on the same to be true, and being deceived thereby; and having no means of learning the facts to the contrary, she, the said Ethel Jane Richardson did affix her signature to the written instrument aforesaid, and did execute and deliver the said written instrument to the said William Knopp; and the said William Knopp did receive as the proceeds of said written instrument the sum of six hundred dollars ($600.00) in money, the property of the said Ethel Jane Richardson, to the injury of the said Ethel Jane Richardson, all being then and there contrary to the form of the Statute in such cases made

and provided, and against the peace and dignity of the State of Indiana."

The affidavit purports to allege an offense under Sec. 10-2103, Burns' 1942 Repl., which so far as material is as follows:

"Whoever with intent to defraud another, designedly by . . . any false pretense, obtains the signature of any person . . . to any written instrument, or obtains from any person . . . money, or the transfer of any bond, bill, receipt, promissory note, draft or check, or thing of value . . . shall, on conviction be imprisoned in the state prison not less than one (1) year nor more than seven (7) years, and fined not less than ten dollars ($10.00) nor more than one thousand dollars ($1000.00), or, at the discretion of the court or jury trying the cause, shall, upon conviction thereof, be imprisoned in the county jail not more than six (6) months nor less than ten (10) days, and fined not more than fifty dollars (50.00) nor less than ten dollars ($10.00)."

The cause was at issue by plea of not guilty. Trial by the judge without a jury resulted in a finding and judgment of guilty as charged, sentence to 180 days on the Indiana State Farm and fined $50.00 and adjudged to pay the costs.

A motion for new trial for causes (1) that the decision is not sustained by sufficient evidence, (2) the decision is contrary to law, (3, 4 and 5) error in overruling appellant's several objections to questions asked of witnesses by the State. In each instance the question is properly presented, and (6) error in overruling appellant's motion to grant a mistrial because of improper argument by the prosecuting attorney. We shall discuss these alleged errors in reverse order.

It is shown by the record that appellant did not take the witness stand. In his opening argument the prosecutor stated as follows:

"It is no wonder this man did not take the witness - stand. He was afraid to take the witness-stand, because he knew what I would do to him on cross examination."

Defendant immediately moved the court to declare a mistrial because of the prosecutor's prejudicial references to defendant's failure to take the witness stand in his own defense. The court promptly overruled the motion without comment. This was error. Cl. 4, Sec. 9-1603, Burns' 1942 Repl.; *Long* v. *State* (1877), 56 Ind. 182, 186; *Showalter* v. *State* (1882), 84 Ind. 562, 564.

The record shows that one Harry Adams had sold the house in question to appellant. While Mr. Adams was on the witness stand as a witness for the state, among many questions, the prosecutor asked him as follows:

"Q. In that contract he paid you for the house, and do you recall when it was to be moved—what the time limit was?"

In a proper manner appellant objected to the question, for the reasons as follows:

"Defendant objects to the question because it pertains to the provisions of a contract Mr. Knopp had with him; he is not charged with defrauding Mr. Adams; Mr. Adams testified he sold him the house and he paid for it; the other provisions of the contract certainly have nothing to do with the charge here, which charge is that the man sold a woman a house on the 24th which he didn't own with intent to defraud her of the money she paid for the house."

The court overruled the objection.

"A. It was to be removed within 32 days."

This was error. The objection should have been sustained. 20 Am. Jur.—Evidence 247, 248, pp. 240

to 243. *Farris* v. *People* (1889), 129 Ill. 521, 21 N. E. 821, 4 L. R. A. 582, 16 Am. St. Rep. 283.

The prosecutor further asked Mr. Adams:

"Q. Mr. Adams, did William Knopp remove the house being No. 16 North 14½ Street, that he purchased of you on the 27th day of January, 1951?"

Appellant immediately objected thus:

"To which we object for the reason it has nothing to do with the charge in this case and is an attempt to merely prejudice the court in one way or another by dragging into the case other controlling factors which have nothing to do with the charge of selling the house to a woman with intent to defraud."

The court overruled the objection.

"A. No."

This ruling was error.

The prosecutor further asked Mr. Adams this:

"Q. I will ask you, Mr. Adams, if sometime later on—maybe in the month of May, I don't know what the facts are about it, if someone came to you about this house No. 16 North 14½ Street in regard to the purchasing of it—did anyone talk to you about it?"

To which defendant objected, "That's a leading question." The court overruled the objection.

"A. Yes, Mrs. Richardson came to me about the house."

We do not think there was any error in this ruling.

The prosecutor then asked:

"Q. What was the substance of the conversation, to the best of your recollection?"

The objection was: "To which we object, it was not in the presence of the defendant."

The ruling was: "Objection overruled."

The witness then answered, giving the conversation he had with Mrs. Richardson in the absence ■ of the defendant. The ruling was harmful error. *State ex rel. McGuyer* v. *Huff* (1909), 172 Ind. 1, 9, 87 N. E. 141, 139 Am. St. Rep. 355.

The evidence shows that one Harry Adams had for sale three houses, being Nos. 14, 16 and 18 North 14½ Street in Terre Haute, Ind. He advertised them for sale, to be torn down or moved off. Before January 26, 1951, the appellant talked with Mr. Adams about moving the houses and told him he might be able to sell one or more of them for him, and Mr. Adams "quoted him the price."

Appellant took Ethel Jane Richardson out to see the houses on January 24, 1951, and she selected No. 16 as the one she liked best. On January 26, 1951, she bought this house from appellant, paying him $600.00 for it—by the check, which is made a part of the affidavit herein. At that time appellant did not own the house, but the next day, January 27, 1951, he saw Mr. Adams and paid him in full for it, and thereby became its owner.

The prosecuting witness got the house without any dispute and had it moved on her own lot. In the latter part of May, 1951, she learned that appellant did not own the house the day he sold it to her, but that he bought and paid for it the next day. Mrs. Richardson has had complete ownership of the house ever since.

The statute upon which the prosecution is based requires that the person charged must have acted "with intent to defraud another, designedly ■ . . . ." The evidence does not tend to show any such intent or design. Instead it shows the contrary, that is, that appellant on the next day after he received the check for $600.00 bought the

house, and that the person whom it is alleged he intended to defraud got possession of the property without controversy thereafter, so that she did not learn until some four months later that appellant did not really own the house until the day after he sold it to her.

To sustain a charge of obtaining property by false pretenses, a felonious intent must be shown. *The State* v. *Fields* (1888), 118 Ind. 491, 21 N. E. 252; *Harrod* v. *State* (1928), 200 Ind. 24, 26, 161 N. E. 3; *Stifel* v. *State* (1904), 163 Ind. 628, 630, 72 N. E. 600; *McCrann* v. *State* (1920), 189 Ind. 677, 682, 128 N. E. 848; *Crouch* v. *State* (1951), 229 Ind. 326, 334, 97 N. E. 2d 860; 22 Am. Jur.—False Pretense §23, p. 456.

To sustain a conviction on such a charge the evidence must show that the alleged victim was deceived. *Crouch* v. *State, supra,* at page 334.

The decision is not sustained by the evidence and is therefore contrary to law.

The judgment is reversed, with instructions to sustain the motion for new trial.

NOTE.—Reported in 120 N. E. 2d 268.