## COWHERD v. STATE OF INDIANA.

[No. 29,500. Filed December 5, 1957.]

*William H. Sparrenberger,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Deputy Attorney General, for appellee.

ACHOR, J.—Appellant, together with his brother, Walter Cowherd, and two other men, were charged in an affidavit in the Criminal Court of Marion County with burglary under §10-702a, Burns' 1956 Repl. They were tried before a special judge and sentenced to the Indiana State Prison for a period of not less than five nor more than ten years.

The only error assigned and relied upon for reversal is the overruling of appellant's motion for new trial. Said motion is grounded upon the following specifications, to-wit:

"1. The verdict of the court is not sustained by sufficient evidence.

"2. The verdict of the court is contrary to law."

The only evidence in the case which implicated the appellant with the crime are the statements of his brother, Walter Cowherd, who stated that appellant was one of the four men who participated in the burglary. These statements were made out of the presence of the appellant during interrogation by police officers. The first such statement was made by Walter Cowherd,

following his arrest, near the scene of the crime, approximately 10 minutes thereafter.

The testimony of a police officer regarding the first statement made by Walter Cowherd shortly after the burglary was objected to by appellant's counsel and the court ruled that such statements be considered only against Walter Cowherd, who made them. See: *Diblee* v. *State* (1931), 202 Ind. 571, 177 N. E. 261. Therefore, this testimony is removed from consideration in the case.

Later, in the course of the trial, police officers testified regarding various conversations had with Walter Cowherd, out of the presence of appellant, including the conversation above referred to, in which the brother implicated the appellant as having participated in the burglary. Appellant's counsel objected to this testimony for the reason that the conversations were not had in the presence of appellant. Such objections were over-ruled by the court with the statement, "I will let it go in for what it's worth," or on some similarly indefinite basis.

Under the record as presented to us, we could, with propriety, hold that the evidence which implicated the appellant was excluded from consideration by the initial ruling of the court and that therefore there was no evidence to support the conviction. However, the state contends that the statement of Walter Cowherd, made immediately afterward and at the scene of the burglary, was competent as a part of the *res gestae*. This argument is unfounded under the facts in this case.

This court, speaking through Judge Tremain, has said: " . . . The doctrine of *res gestae* is based upon

spontaneous statements made at the time of the accident, usually by one of the parties to the transaction, and never includes a statement or a narration of past events." *Kelley* v. *Dickerson* (1938), 213 Ind. 624, 639, 13 N. E. 2d 535. In that case the appellant attempted to get into the record what was said by the driver of the car, in which the appellee was riding, fifteen minutes after the accident and after appellee had been removed from the scene. On motion the answer was stricken out. The appellant contended that the statement was admissible under the doctrine of *res gestae.*

The court found that it was clear from the answer given by the appellant, that the driver was narrating facts after the accident. The court said: ". . . His statement was not an exclamation made at the time, or in any manner connected with the accident. . . ." In the case at bar the statements made by Walter Cowherd were at the solicitation of police officers, out of the presence of the appellant and after an appreciable amount of time had elapsed. Such statements were not competent as part of the *res gestae.*

When confronted with this issue the United States Circuit Court of Appeals, Eighth Circuit, stated:

> "In the absence of a charge and proof of conspiracy between the three parties at the time and place of the conversation, to admit such statement without affirmatively showing it to have been made or acquiesced in by the defendant would be to announce a rule fraught with danger to innocent men." (Cases cited.) *Sorenson* v. *U. S.* (C. C. A. 8th, 1909), 168 Fed. 785, 792.

The statements made by Walter Cowherd out of the presence of this appellant were hearsay as to this ap-

pellant, and the admission and the consideration of said statements for the purpose of proving appellant's guilt over objection constituted reversible error. *Dillon* v. *State* (1924), 194 Ind. 600, 142 N. E. 643; *Knopp* v. *State* (1954), 233 Ind. 435, 120 N. E. 2d 268; *Hogan* v. *State* (1956), 235 Ind. 271, 132 N. E. 2d 908.

Judgment is therefore reversed with instructions to sustain appellant's motion for new trial.

Emmert, C. J., Arterburn, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 146 N. E. 2d 257.