PATTERSON *v*. STATE OF INDIANA.

[No. 1267S148. Filed January 30, 1969. Rehearing denied March 19, 1969.]

*Robert G. Mann, Bolden and Mann,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Richard V. Bennett,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This action was commenced by affidavit on two counts, charging the defendant with the criminal offense of procuring a female for a house of prostitution pursuant to Burns' Ind. Stat. Anno. § 10-4211. The defendant was found guilty under Count One and sentenced accordingly.

The appellant, in our opinion, has failed in many respects to comply with our rules with reference to the presentation of his brief. Rule 2-17 (g) requires that a summary of the argument precede the major argument. Rule 2-17 (h) requires that the items in the motion for a new trial relied upon as a basis for error shall be stated. The motion for a new trial is not set out at any place in the entire brief, and the specific item in the motion for a new trial is not set forth at the beginning of each point presented in the argument section of the brief. As a matter of interest, we find the motion for a new trial in the transcript comprises 19 pages. We have said many times we are not required to search the record to find the alleged errors. In our opinion, this appeal should be dismissed for failure to comply with the very simple rules of this Court.

Nevertheless, in the sense of trying to do justice, we have examined the poorly-prepared brief and have arrived at the following conclusions:

It is argued that the prosecuting attorney made improper remarks in his closing argument when he said that the appellant might have to serve two to ten years or might have to serve less than two years. The statute, Burns' § 10-4211, provides for an indeterminate sentence of two to ten years and a fine of not less than three hundred dollars and not to exceed one thousand dollars upon conviction. There is no showing of prejudice in this case by such a remark. Furthermore, no objections were made on the grounds now urged by the appellant at the time of the remarks. The alleged error was not saved for review. We do not believe the case cited by appellant, *Rowe v. State* (1968), 250 Ind. 547, 237 N. E. 2d 577, is controlling in this situation. In that case the prosecution was arguing a lesser included offense did not have a sufficiently adequate or stiff penalty. In the case before us there was no lesser included offense involved. What the prosecution said is a matter of common kowledge, and we do not think it was prejudicial or inflammatory. No showing of that character is made.

It is next argued that the court erred in overruling the motion "objecting to jurisdiction." The motion asked that the case be remanded to the Criminal Court of Marion County for the reason that the Judge of the Hamilton Circuit Court, Edward F. New, Jr., and the chief trial deputy in Marion County, Leroy K. New, were brothers. However, the motion recites that the cause was assigned by the Circuit Court of Hamilton County to the Superior Court of Hamilton County before trial and was tried before Judge V. Sue Shields, as presiding judge of the Superior Court of Hamilton County. Burns' § 4-402 provides that the Circuit Judge may transfer cases to the Superior Court. We find no error in the respect urged.

It is also argued under Point 3 that the court erred in overruling a motion to have a psychiatric examination of Judy Kay Vickery, a prosecuting witness. However, the briefs do not set forth at any point that any objection was made to the witness testifying on the ground that she was mentally incompetent as a witness when she took the stand. Therefore we find no point raised for our consideration with reference to the testimony of Judy Kay Vickery.

Finally, it is argued that the evidence is insufficient to support the verdict of the jury. The evidence, as set forth in the brief, appears to us to amply support the charge of procuring a female for a house of prostitution.

The evidence shows that the defendant met Judy Kay Vickery, a fifteen year old girl, at an apartment located at 2823 Sutherland Avenue. Shortly thereafter, the defendant and Miss Vickery left the apartment to get a soft drink. While they were having this soft drink, the defendant told Miss Vickery, about Miss Ault, saying that she lived at his home and worked out of it as a prostitute. The defendant asked Miss Vickery if she would like to meet Miss Ault. The defendant and Miss Vickery then went to the defendant's home at 2838 Paris Avenue, where Miss Vickery was introduced to Miss Ault. Within a short time, the two women left the home and rode around in a car until they met some men. The men were brought back to the defendant's home where Miss Ault had sexual relations with the men while Miss Vickery watched. The men then paid Miss Ault. There was no evidence introduced to show that prior to her meeting with the defendant that Miss Vickery had been connected with prostitution in any way.

The next afternoon the defendant took Miss Vickery to a beauty parlor and to a store where he purchased for her a dress, shoes and underclothes for a total cost of about fifty dollars. That night Miss Vickery went with Miss Ault "to

584

work on Meridian Street." Miss Vickery that night performed acts of prostitution for money in the defendant's home.

There is other evidence that corroborates and supports fully what has been stated. We find no error of the trial court presented to us in the briefs on this appeal.

The judgment of the trial court is affirmed.

DeBruler, C. J., and Hunter, J., concur.

Jackson and Givan, JJ., concur in result.

NOTE.—Reported in 244 N.E. 2d 221.