MICHAEL CHARLES BRADBURN *v*. STATE OF INDIANA.

[No. 970S213. Filed May 24, 1971.]

*Michael D. O'Neall, Bowen, Cecere, O'Maley & Tripp,* of Richmond, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from a criminal conviction for inflicting physical injury during the commission of a robbery as proscribed by Ind. Ann. Stat. § 10-4101 (1956 Repl.). The statute provides in pertinent part:

"§ 10-4101 . . . Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, bludgeon, billy, club, blackjack, or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon conviction, be imprisoned in the state prison for life."

Appellant was tried by jury, found guilty and sentenced to the Indiana State Prison for life. A motion to correct errors was timely filed and its denial by the trial court is raised as error here.

The incident giving rise to appellant's arrest and conviction occurred in Richmond, Indiana, on January 28, 1969. On that date a robbery of the Keg and Cask package liquor store was committed. In the course of that crime the sales clerk on duty suffered severe head injuries which from all indications were inflicted by blows with a two wheeled hand cart or "dolly" used to move about stacks of beverage cartons.

While the clerk, due to resulting amnesia, was unable to name appellant as the one who had struck him, another party who took part in the robbery, Ronald Maiden, testified that appellant inflicted the injuries upon the victim.

Appellant first contends that reversible error occurred at trial when, in final argument, the prosecutor made certain allegedly prejudicial and improper statements. The challenged language was delivered partially in the closing argument and partly in the rebuttal argument. As we comprehend appellant's contention, the statements taken together constitute a comment upon his failure to testify so prejudicial as to constitute reversible error. The portions of the prosecutor's address giving rise to the allegation of error are set forth in the footnote (1). Specifically appellant contends that the following statement in particular was prejudicial:

---

(1) At one point in his closing address the prosecutor stated: "What kind of person would do this; what kind of species? Or even what kind of animal? And then to take this cart and swing it, not once, but twice, (the Prosecutor then swung the cart two times), and thereby inflict the wounds that match the flange, on Mr. Puckett's head and crack his skull. Was that necessary? And again in your deliberations you should ask yourselves what kind of person would do this? What kind of species; what kind of animal? Mr. Puckett was unconscious at that time and offered no resistance, and even a dog will quit clutching and biting another dog's throat when the other dog quits offering resistance. Even a dog stops at that time, so what kind of person do we have? And the evidence is uncontradicted that this defendant did those acts on January 28th, 1969."

and a few minutes later

"You were asked to lift this truck—this truck is heavy, but the only question here for you to consider is whether this defendant was able to swing that truck to hit Mr. Puckett in the head and to inflict these wounds, or perhaps not swing it, but even push it against his head with these wheels. (indicating by pushing the cart on the floor). And the defendant was not asked to demonstrate, and I think that this the only question you have is whether he was big enough to do that."

"And the defendant was not asked to demonstrate and I think that this the only question you have is whether he was big enough to do that." (swing the "dolly")

The question then is whether this utterance under the circumstances here in question requires a reversal of his conviction.

As appellant points out Article 1, § 14 of our Indiana Constitution allows a criminal defendant to remain silent. Of course, the federal constitution contains similar safeguards which have been found to be binding upon the states. *Griffin* v. *California* (1965), 380 U. S. 609, 14 L. Ed. 2d 106. Also pertinent is Ind. Ann. Stat. § 9-1603 (1956 Repl.) which provides that no comment shall be made upon the failure of a criminal defendant to testify. Similar protection is afforded under the federal constitutional grants or protection. *Griffin* v. *California, supra; Stewart* v. *United States* (1961), 366 U. S. 1, 6 L. Ed. 2d 84.

As appellant acknowledges, it is the rule that objection must be made at trial to comments such as those here in question if they are to be made available for appellate review. *Patterson* v. *State* (1969), 253 Ind. 499, 244 N. E. 2d 221 cert. den. 396 U. S. 829; *Dull* v. *State* (1962), 242 Ind. 633, 180 N. E. 2d 523, cert. den. 371 U. S. 902, 9 L. Ed. 2d 164; *Knopp* v. *State* (1954), 233 Ind. 435, 120 N. E. 2d 268; *Keifer* v. *State* (1933), 204 Ind. 454, 184 N. E. 557; *Lewis* v. *State* (1893), 137 Ind. 344, 36 N. E. 1110; *Coleman* v. *State* (1887), 111 Ind. 563, 13 N. E. 100 (opening statement.) See also *Rains* v. *State* (1893), 137 Ind. 83, 36 N. E. 532.

No objection was made at trial to the prosecutor's statement at the time it was delivered.

Appellant points out, however, that the alleged error was raised in the motion to correct errors thereby giving the trial court an opportunity to consider and correct it. This, we find, overlooks the reason for the requirement of an objection. It is to provide the court with an immediate

avenue of correction without the need to begin the entire trial process anew at great loss of public judicial resources. If the trial court finds merit in the contentions of the objection it can admonish the jury or censure the prosecuting attorney.

Appellant cites *Hayden* v. *State* (1964), 245 Ind. 591, 199 N. E. 2d 102, cert. den. 384 U. S. 1013, 16 L. Ed. 2d 1034 as demonstrative of an exception to the rule requiring an objection. It is true that *Hayden* acknowledges the possibility that the rule might not apply where the error is obvious on the record and because of it

". . . the appellant could not, under any circumstances, have had a fair trial." 245 Ind. at 599, 199 N. E. 2d at 107.

As did the court in *Hayden,* we fail to find such all persuasive evidence of prejudice in the case before us.

Appellant further contends that his failure to object should be excused since by objecting he "would only have antagonized an already aroused injury". There are two reasons why this assertion must fail. First, appellant could have requested permission to approach the bench or have requested that the jury be removed so that his objection and any accompanying motion could have been considered with no chance for prejudice to arise. Second, if we were to allow an appellant's determination that possible prejudice might result to excuse the making of an objection we would be sanctioning a usurpation of the trial court's function. We would be allowing a speculation on what *might* occur to set at nought the entire trial proceeding. On the other hand by requiring an objection, assuming it is made before the jury, the trial court can rule upon it while also viewing the situation in regard to whether the jury has been so prejudiced as to require a mistrial to be declared. Rather than proceeding on rank speculation an evaluation of objective symptoms of prejudice can be made. We therefore hold that appellant's conduct at trial constituted a waiver of the issue sought to be presented.

Appellant cites *Stewart* v. *United States, supra,* as further

justification for his failure to object. As appellant concedes, however, that case is factually distinguishable from the one before us and is not controlling.

As an aside we note that, as the state points out, appellant's counsel had himself commented in closing argument upon the fact that appellant did not testify. Further, appellant attacked the veracity of the state's chief witness in his closing argument. As expressed in *United States* v. *Blassick* (7th Cir. 1970), 422 F. 2d 652, a comment such as that here made by the prosecutor is only fair rejoinder in the face of such activity by a defendant. Of additional importance is the fact that the prosecutor's comment was but an isolated element in the closing address. *United States* v. *Blassick, supra; United States* v. *Heithaus* (3rd Cir. 1967), 377 F. 2d 484.

Appellant next alleges error in the admission of a portion of the state's evidence, a piece of an electrical extension cord, a pair of eyeglasses and a two wheeled cart or "dolly". When these items were produced for introduction appellant objected on the basis that they had not been connected with the defendant, that there had been no showing a crime had been committed and that the items were "pre-material". Since the evidence in question was rendered relevant by later testimony even if, for the sake of discussion, we assume it was not so at the time, any error which may have occurred was thereby cured and rendered harmless. *Eaton* v. *State* (1917), 186 Ind. 167, 115 N. E. 329; Wigmore, *Evidence* (3rd Ed.) § 1871.

Appellant's final argument is directed to the fact that he was allegedly convicted on the uncorroborated testimony of an accomplice. This testimony, he contends, was impeached by certain newly discovered evidence presented for the first time with the motion to correct errors. This latter evidence took the form of affidavits filed by cellmates of Ronald Maiden, the accomplice in question. The cellmates related by these documents that Maiden had expressed an intention to see that appellant was convicted. A portion of his intent in testifying

reportedly involved the hope that his own prison term might be reduced by means of his cooperation.

Appellant concedes that the mere fact that he may have been convicted upon the uncorroborated testimony of an accomplice does not vitiate the conviction. *Shepherd* v. *State* (1970), 254 Ind. 404, 260 N. E. 2d 563. He urges, however, that this fact, presuming it to be true, when coupled with the affidavits of the cellmates so brings Maiden's testimony into question as to create a per se requirement of a new trial. We cannot agree. Such information would have gone only to impeach Maiden's testimony. It is settled that newly discovered evidence which serves only to impeach is not such as will require the granting of a new trial. *Mavrick* v. *State* (1965), 247 Ind. 77, 210 N. E. 2d 426; *Shipley* v. *State* (1936), 210 Ind. 253, 2 N. E. 2d 389.

Further, in the absence of a clear indication that the new evidence would probably effect a change in the result of the previous trial a retrial need not be granted. *Mavrick* v. *State, supra; Hansen* v. *State* (1952), 230 Ind. 635, 106 N. E. 2d 226; *Sullivan et al.* v. *State* (1937), 212 Ind. 79, 6 N. E. 2d 951. We find no such clear indication in this case.

For all the foregoing reasons appellant's conviction must be affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 269 N. E. 2d 539.